**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAY EDWARD GLENEWINKEL, | § | |
| | § | |
| *Movant*, | § | |
| | § | |
| v. | § | Crim. Action No.  SA-10-CR-216-XR |
| | § | Civil Action No. SA-15-CV-469-XR |
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | |

**ORDER**

On this date the Court considered Movant's motion to vacate under 28 U.S.C. § 2255 (docket no. 103), the amended motion to vacate (docket no. 106), and the Magistrate Judge's Report and Recommendation (docket no. 114).

When a party objects to the Magistrate Judge's report and recommendation, the Court is required to conduct a *de novo* review.  However, when no objections are filed, the Court reviews the recommendation to determine whether it is clearly erroneous. Movant has filed a document that he has titled Objections that states some objections but largely reiterates the claims he has asserted in his 28 U.S.C. § 2255 motions.  The Court will nevertheless construe the document as objections to the entire Report and Recommendation and review this matter de novo.

The Magistrate Judge recommended that Glenewinkel's motions be denied. The Court has reviewed the Report and Recommendation, Movant's objections and conducted a de novo

1

review.   The Court ACCEPTS the Magistrate Judge's recommendations and DENIES Movant's 2255 motions.

## Background

On March 17, 2010, the Defendant was charged in an indictment with receipt of child pornography and possession of child pornography.   After numerous continuances were requested by the Defendant (and granted by the Court) and after the Defendant sought new counsel (and was granted substitution of counsel), the Defendant signed a plea agreement on July 14, 2011.  In the written plea he signed that he understood he was pleading guilty to receipt of child pornography and that he could be sentenced to 20 years and a lifetime of supervised release.   He read and agreed to a factual basis for plea; he agreed that he voluntarily and knowingly waived the right to appeal his sentence and agreed that he had sufficient time to consult with his counsel and that he had received effective assistance of counsel.  He read and understood that the Government agreed to dismiss count two at time of sentencing.  Docket no. 46.   On August 4, the Court accepted the plea agreement after admonishing the Defendant.  Docket no. 47.

On December 14, 2011, a sentencing hearing was held.  Defendant was sentenced to 210 months (17.5 years) and lifetime supervised release.  The Fifth Circuit dismissed his appeal and the Supreme Court denied certiorari.

## Objections to the Report and Recommendations

In his Objections Movant asserts that his counsel failed to adequately discuss with him "issues related to supervised release" prior to his signing the plea agreement.  He also alleges that his counsel failed to perfect and file a direct appeal timely.  He also alleges the Court

erred (apparently in the plea hearing) by failing to explain to him the nature of the charges, and that the Court erred by failing to adequately explain the imposition of a term of 210 months and the imposition of lifetime supervised release.  He also alleges that the Court erred by "imposing a sentence based on a lack of evidence to support Sentencing Guidelines enhancements and miscalculation of the same Guidelines."

### Analysis

Movant acknowledges that a § 2255 movant cannot seek to raise issues that could have been raised in a direct appeal.  *See* Report and Recommendation at pp. 15-16.  Movant's objections regarding the procedural bar are frivolous.  Likewise, his objections regarding his waiver of right to appeal are frivolous.  *See* Report and Recommendation at pp. 16-19.

With regard to his claim that he did not fully understand what supervised release meant, Movant acknowledges that he informed the Court at his plea hearing that he knew what the term meant.  Movant does not state in his objections what specific terms of supervised release he now finds objectionable.

Movant claims that his counsel was ineffective because he untimely filed his brief with the circuit court.  The Fifth Circuit docket sheet indicates, however, that the untimely brief was accepted out of time.  See 5th Circuit docket entry dated November 13, 2013.  On January 2, 2014, the Government filed a motion to dismiss the appeal because of the appeal waiver provision in the plea agreement, and that motion was granted on February 11, 2014. See 5th Circuit docket entry dated February 11, 2014.  Accordingly, Movant fails to show how any late filing caused any prejudice.

Movant argues that the court during his plea hearing failed to detail all the elements of the charge of receipt of child pornography.   This claim is frivolous.   Defendant was questioned during the plea hearing as to whether he read and understood the factual basis for plea contained in the agreement prior to his signing of the agreement.   The factual basis clearly states that on July 16, 2009, law enforcement officers seized a computer and 73 compact disks from the Defendant's residence.   A forensic examination revealed that 611 videos and 1,352 images of child pornography were found.   Movant admitted that he had purchased the child pornography videos from a person located in Italy, who sent him the materials from February 2006 through July 2007.   Movant's argument that he lacked a "solid understanding" of the legal term receipt as that term is "esoteric" to him is baseless.

As indicated above, Movant's challenge to his sentence is procedurally barred and barred by the waiver provision.   Alternatively, as Movant acknowledges the Court at sentencing took in account the 3553 factors, reviewed the Presentence Investigation Report, which outlined abuse of prepubescent minors and material portraying sadistic or masochistic conduct, and numerous images.   The Guideline range was 210 to 240 months, and the statutory maximum was 20 years.   Considering all of the above, the Court stated that a sentence at the low end of the sentencing guideline range was appropriate.   Other than his general complaint of supervised release, Movant fails to identify what specific conditions he objects to.   With regard to his general complaint that lifetime supervised release was imposed, Movant fails to specify given his conduct why a lesser term was appropriate.   If Movant successfully complies with the terms of his supervised release, he retains the right to petition

the Court for a modification of the terms or length of his supervised release.  Movant's objections are frivolous.

Finally, Movant complains that a five-level enhancement was inappropriately calculated into his sentencing range.  Again, this complaint is barred by the waiver of appeal provision.  In any event, Movant's objection is frivolous, the enhancement was applied because the offense involved the distribution for the receipt, or expectation of receipt, of a thing of value pursuant to USSG § 2G2.2(b)(2).  This case was not the typical peer to peer file-sharing case.  *See e.g. U.S. v. Baker*, 742 F. 3d 618 (5th Cir. 2014) (defendant allegedly did not know that his use of file-sharing program permitted other users to download child pornography from his computer did not preclude application of sentencing enhancement for distribution of child pornography).  In this case the Defendant was visiting known child pornography web sites and posting images on those sites and then also downloading onto his computer images that others had posted on those sites.  Accordingly, despite the absence of file sharing programs the enhancement is still applicable.  *See e.g. U.S. v. Oldham*, 177 F. App'x 842 (10th Cir. 2006)("We agree that a defendant may be considered to have an "expectation" that he will receive child pornography in exchange for his distribution of child pornography, even in the absence of a specific agreement with another person, if he anticipates or reasonably believes that the recipients of his distribution will reciprocate.").  Special Agent DePaola testified at the sentencing hearing that the Defendant accessed the Italian website and shared images with that website.  Special Agent DePaola testified that the Defendant admitted to sharing child pornography.   *See* docket no. 71, Transcript of Sentencing Hearing.  Indeed, AOL shut down the Defendant's account after it became aware

5

that the Defendant had uploaded a video containing child pornography.  Because of his exchange with the Italian web site Defendant had an expectation that he would receive child pornography in exchange for the posting he made.  Defendant's hearsay objections to Special Agent DePaola's testimony lack merit.  *See U.S. v. Gonzalez*, 661 F. 2d 488 (5th Cir. 1981)("The sentencing judge may consider evidence which may not be admissible at trial.").

Finally, with regard to the Movant's general attack on the Guidelines governing child pornography crimes, the Fifth Circuit has rejected such arguments.  *See U.S. v. Teuschler*, 689 F. 2d 397, 400 (5th Cir. 2012)("This court has expressly rejected the suggestion that the Guidelines are unreasonable or irrational simply because they are not based on empirical data, even where this leads to apparent disparities in sentences.").

## COA

A habeas petitioner must obtain a Certificate of Appealability (COA) before he may appeal from a district court's denial of his petition. See 28 U.S.C. § 2253(c)(1). When a district court denies relief on the merits of a claim, the petitioner must "demonstrate that reasonable jurists would find the ... court's assessment of the [claim] debatable or wrong." Coleman v. Thaler, 716 F. 3d 895 (5th Cir. 2013).  A COA is only warranted if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Byrom v. Epps, 518 F. App'x 243 (5th Cir. 2013).  Glenewinkel has not made the necessary showing. A Certificate of Appealability is denied.

**Conclusion**

Movant's motion to vacate under 28 U.S.C. § 2255 (docket no. 103) and the amended

motion to vacate (docket no. 106) are denied.  A Certificate of Appealability is denied.

SIGNED this 10th day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE